Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WONGAB CORPORATION, a Korean Corporation,

Plaintiff,

vs.

NORDSTROM, INC., a Washington corporation, individually and doing business as “Nordstrom Rack”; IVY + BLUE, a business of form unknown; HALOGEN, a business entity of form unknown; JONATHAN SIMKHAI, INC., a New York Corporation; LABEL BY 512, a business entity of form unknown; and DOES 1-10,

Defendants.

Case No.: 2:17-cv-02974-AB-AGR
*Hon. Andre Birotte Jr. Presiding*

PLAINTIFF’S FIRST AMENDED COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND
3. PATENT INFRINGEMENT

Jury Trial Demanded

Plaintiff, WONGAB CORPORATION ("WONGAB"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates unique fabrications for use in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize WONGAB to reproduce said designs should they wish to do so, and will not seek to produce the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and WONGAB's exclusive ownership of the copyrights in its designs, parties will still exploit and produce WONGAB's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased, and sold without permission product bearing one of Plaintiff's proprietary textile designs.

Additionally, WONGAB owns U.S. Patent No. 8,448,476 which is directed to a warp knitting fabric design. Defendants have infringed that patent by offering to sell and selling products that incorporated the patented material as base fabric.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. , and under the Patent Act, Title 35 U.S.C. § 1 *et. seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1931(b), 1391(c), 1400(a), and 1400(b) in that this is the judicial district in which a

substantial part of the acts and omissions giving rise to the claims occurred, and because defendants have regularly conducted business in this judicial district and certain of the acts complained herein occurred in this judicial district. Specifically, Defendants, and each of them, maintain properties and retail stores in this district and marketed, distributed, and sold the product at issue in this district.

## PARTIES

4. Plaintiff WONGAB is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea, and is doing business in and with the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Nordstrom, Inc., individually and doing business as "Nordstrom Rack" (collectively "Nordstrom") is a Washington corporation that is doing business in and with state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MAGGIE LONDON INT'L, LTD, individually and doing business as IVY + BLUE (collectively "Ivy") is a business of form unknown doing business in and with California.

7. Plaintiff is informed and believes and thereon alleges that Defendant HALOGEN is a business of form unknown doing business in and with California.

8. Plaintiff is informed and believes and thereon alleges that Defendant JONATHAN SIMKHAI, INC. ("Simkhai") is a New York Corporation doing business in and with California.

9. Plaintiff is informed and believes and thereon alleges that Defendant LABEL BY 512 ("512") is a business of form unknown doing business in and with California.

10.Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or

employees to a manufacturer or vendor) of garments, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product produced with certain of Plaintiff's copyrighted designs (as hereinafter defined) and covered by Plaintiff's patent without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11.Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN PCM-2299 AND D69**

12. Plaintiff owns design it has titled PCM-2299 ("Subject Design A"), which it has registered with the U.S. Copyright Office. Plaintiff also owns a design it has entitled D69 ("Subject Design B"). Plaintiff owns a third design it has titled D153 ("Subject Design C"). These three designs will be referred to as the "Subject Designs" and are pictured hereunder.

13.Plaintiff registered each of the Subject Designs with a nation's copyright registrar or is exempt from the registration requirements because Wongab is a company located in the Republic of Korea, and said nation has acceded to the Berne Convention.

14.Plaintiff marketed and/or sold fabric incorporating Plaintiff's designs to entities in the fashion industry before the acts complained of herein.

15. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Designs, Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric incorporating designs that are identical, or substantially similar, to the Subject Designs, and reflect copying of each of the original protectable elements of the Subject Designs (hereinafter "Accused Product") without Plaintiff's authorization. Accused Product includes, but is not limited to garments pictured in Exhibit A hereunder.

16. A comparison of the Subject Designs and Accused Product is set forth below in **Exhibit A**. A comparison of the two designs and their constituent elements makes clear that the elements, composition, colors, selection, arrangement, layout, and appearance of the designs are at least substantially similar, and that the original elements in the Subject Designs have been copied by Defendants or their supplier(s). The exemplars set forth in Exhibit A are representative and are not meant to inclusive of all product marketed and sold by Defendants, or any of them, that incorporate one or more of the Subject Designs. The Subject Designs are set forth in full below:

**Subject Design A:**



**Subject Design B:**



**Subject Design C:**



**CLAIMS RELATED TO U.S. PATENT NO. 8,448,476**

17. On May 28, 2013, U.S. Patent No. 8,448,476 entitled "WARP KNITTING FABRIC HAVING GROUND ORGANIZATION EXPRESSING VARIOUS DESIGN PATTERNS" ("the '476 patent"), was duly and legally issued to inventor Il-Soo Lee. A true copy of the '476 patent is attached hereto as **Exhibit B**.

18. WONGAB is the owner by assignment of the '476 patent with full and exclusive right to bring suit to enforce the '476 patent.

19. The '476 patent generally relates to a warp knit fabric having a number of areas of different distinctive loop patterns and arrays of chain numbers with the patterns changing in both the longitudinal and lateral directions. Exemplary Fig. 6 from the front page of the patent is reproduced below.

20. On information and belief, the Defendants have been and are infringing, contributing to infringement, and/or inducing others to infringe the '476 patent by making using, offering for sale, selling or important fabric that infringes the '476 patent. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

21. Specifically, the patented claims read on the Defendants' product in at least the following ways: Defendants' garments employ a warp knitted fabric consisting of a variety of loop shapes (circles, hexagons, ovals, triangles, etc.) as their ground organization. The garments also incorporate a ground fabric comprising warp units that bears a loop shape with offset units and bears a pattern knitted onto the knitted ground fabric. And the ground fabric for the Disputed Product bears a warp-knitted fabric with the warps knitted via a multi-needle process with offset ground bars that knit a loop shape, and bears a pattern organization knitted onto the ground organization. The ground fabric on Defendants' garments includes multiple designs that are continuously arranged across the entirety of the ground fabric organization in a repeating pattern. And each "unit" of the ground fabric on the Defendants' garments includes multiple designs arranged in a vertical direction of the ground organization. Rather than consisting of the same loop shape (i.e. all circles), each unit contains a varying pattern loop shapes (i.e. circles, followed by hexagons, followed by triangles). And each of the unit organizations is formed by consecutively knitted plurality of loops having various shapes in the up-and-down direction and different shapes in the transverse direction, with the unit structures having a zig-zag spatial array and the widths and lengths having different sizes and scales.

22. On information and belief, the Defendants have willfully infringed the '476 patents by continuing their acts of infringement after being on notice of the patent.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

23. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and textile mills; (c) access to legitimate WONGAB fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Plaintiff's rights in the Subject Designs in that said garments incorporated fabric that featured an unauthorized textile design that was identical or substantially similar to one or more of the Subject Designs.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments that infringes Plaintiff's rights in the Subject Designs through a nationwide network of retail stores and on-line outlets. Specifically, Defendants, and each of them, have marketed, distributed, and sold a product that includes a base fabric that is copied from Plaintiff's design. Each of the units, the selection and arrangement of the units, the scope, the array, and the loop structures are at least substantially similar in both Plaintiff's design and the Defendants' product.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that the infringement of WONGAB's copyrighted designs was willful, reckless, and/or in blatant disregard for WONGAB's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages and/or the right to preclude certain affirmative defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that the infringement of WONGAB's copyrighted designs was willful, reckless, and/or in blatant disregard for WONGAB's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages and/or the right to preclude certain affirmative defenses.

## THIRD CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

37. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

38. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '476 patent by making, using, importing, offering for sale, and/or selling fabric that infringes the '476 patent, and/or by inducing or contributing to the infringement of the '476 patent by others.

39. Plaintiff has been damaged by the Defendants' infringement, and Defendants will continue their infringing activity and Plaintiff will continue to be damaged.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

With Respect to the First and Second Claims for Copyright Infringement

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

With Respect to the Third Claim for Patent Infringement

f. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '476 patent in any manner;

    g. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '476 patent;

h. a trebling of damages pursuant to 35 U.S.C. § 284;

i. an award of attorney fees pursuant to 35 U.S.C. § 285;

With Respect to Each Claim for Relief:

j. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law;

k. That Plaintiff be awarded the costs of this action; and

l. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: July 28, 2017 By: */s/ Scott A. Burroughs*

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Wongab Corporation

**EXHIBIT A**:

| WONGAB CLAIMS: | ACCUSED NORDSTROM PRODUCT: |
|---|---|
| 1. Copyright and patent claims are made as to the ground fabric. |  **Romeo + Juliet** **Style or SKU No: 439014 394858** |

| 2.(a) Copyright and patent claims are made as to the ground fabric; and (b) copyright claims are made as to the overlay design (D153). | <br>**Label by 512**<br>**Style or SKU No: L17821 6532** |
| --- | --- |

<table>
<tr>
<td>3. Copyright and patent claims are made as to the ground fabric.</td>
<td><br><br>Label by 512<br>Style or SKU No: L2141243576</td>
</tr>
</table>

| | |
|---|---|
| 4. Copyright and patent claims are made as to the ground fabric. | <br>**Ivy + Blue**<br>**Style or SKU No: S2275M or 641236 795812** |

| | |
|---|---|
| 5. Copyright and patent claims are made as to the ground fabric. |  **Jonathan Simkhai** **Style or SKU No: J1094-J** |
| 6. Copyright claims are made as to the overlay design (D69). |  **Nordstrom** **Style or SKU No: unknown (found online)** |

| | |
|---|---|
| 7. Copyright and patent claims are made as to the ground fabric. |  **Halogen**<br>**Style or SKU No: HA309213MP** |