Martin Pitha (SBN 192447)
mpitha@lp-lawyers.com
Lillis Pitha LLP
2 Park Plaza, Suite 480
Irvine, California 92614
(949) 209-9020 (t)
(949) 759-1845 (f)

Douglas F. Stewart (*pro hac vice*)
doug.stewart@bracewell.com
Jared Schuettenhelm (SBN 267885)
jared.schuettenhelm@bracewell.com
Bracewell LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104-7018
(206) 204-6200 (t)
(800) 404-3970 (f)

David J. Ball (*pro hac vice*)
david.ball@bracewell.com
Bracewell LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6100 (t)
(800) 404-3970 (f)

*Attorneys for Defendant Nordstrom, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>NORDSTROM, INC., et al.<br><br>      Defendants. | Case No. 2:17-cv-02974-AB-AGR<br><br>**DEFENDANT NORDSTROM INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Date: September 22, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 7B<br>Judge: Hon. Andre Birotte Jr.<br>Courtroom: 7B |

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................... 1

BACKGROUND ............................................................................................. 3

ARGUMENT .................................................................................................. 6

    I.     LEGAL STANDARD ................................................................. 6

    II.    PLAINTIFF'S PATENT INFRINGEMENT CLAIM FAILS TO
             PLEAD A PLAUSIBLE CLAIM FOR RELIEF ...................................... 7

          A.    Plaintiff Fails To State a Claim for Direct Patent
                Infringement................................................................................. 7

          B.    Plaintiff Fails To State a Claim for Contributory or Induced
                Patent Infringement..................................................................... 9

          C.    Plaintiff Fails To State a Claim for Willful Patent
                Infringement or Enhanced Patent Damages ................................ 10

    III.   PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS FAIL
             TO STATE A CLAIM ...................................................................... 11

          A.    Plaintiff Fails To State a Claim for Direct Copyright
                Infringement................................................................................. 11

               1.    Plaintiff Does Not Adequately Plead Access to the
                      Subject Designs ................................................................ 12

               2.    Plaintiff Does Not Adequately Plead Substantial
                      Similarity ......................................................................... 13

               3.    Plaintiff Does Not Plead That The Accused Products
                      Are Strikingly Similar To The Subject Designs.................. 16

          B.    Plaintiff Fails To State a Claim for Contributory or
                 Vicarious Copyright Infringement................................................ 17

          C.    Plaintiff Fails To State a Claim for Willful Copyright
                 Infringement................................................................................. 19

## <u>TABLE OF CONTENTS (CONTINUED)</u>

**IV.**    PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES AND

    ATTORNEYS' FEES SHOULD BE DISMISSED.................................20

CONCLUSION.................................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amini Innovation Corp. v. KTY Int'l Mktg.*,
    768 F. Supp. 2d 1049 (C.D. Cal. 2011) .................................................................. 19

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ............................................................ 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................... 1, 6, 7, 19

*Astor-White v. Strong*,
    No. CV 15-6326, 2016 WL 1254221 (C.D. Cal. Mar. 28, 2016) ........................... 13

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ...................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................... 1, 6, 7, 18, 19

*Bernal v. Paradigm Talent & Literary Agency*,
    788 F. Supp. 2d 1043 (C.D. Cal. 2010) ............................................ 16

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .................................................. 9

*Briggs v. Blomkamp*,
    70 F. Supp. 3d 1155, 1165 (N.D. Cal. 2014) ................................. 11, 13, 16

*BWP Media USA, Inc. v. Linkbucks.com, LLC*,
    CV 14-689, 2014 WL 12596429 (C.D. Cal. Aug. 8, 2014) ......................... 17, 18

*Cavalier v. Random House, Inc.*,
    297 F.3d 815 (9th Cir. 2002) ....................................................... 13, 14

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ...................................................... 6, 14

*Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*,
    45 F. Supp. 3d 1181, 1187 (C.D. Cal. 2014) .................................... 10

## <u>TABLE OF AUTHORITIES (CONTINUED)</u>

**Page(s)**

**Cases**

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696 (9th Cir. 2008) ................................................................. 20

*Dos Santos v. Telemundo Commc'ns Grp., LLC*,
   No. SACV 12-1373, 2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) ...................... 21

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) .............................................................. 9

*e.Digital Corp. v. iBaby Labs, Inc.*,
   No. 15-cv-05790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ...................... 8, 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
   499 U.S. 340 (1991) ........................................................................... 11

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-cv-00072, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ...................... 10, 11

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
   462 F.3d 1072 (9th Cir. 2006) ............................................................... 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ........................................................................ 11

*Imageline, Inc. v. Cafepress.com, Inc.*,
   No. CV 10-9794, 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) .......................... 18

*Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming*,
   No. 12 C 10275, 2013 WL 4011052 (N.D. Ill. Aug. 6, 2013) ......................... 21

*Klauber Bros. Inc. v. The Bon-Ton Stores, Inc.*,
   557 Fed. App'x 77 (2d Cir. 2014) .......................................................... 15

*Lickerish Inc. v. Alpha Media Grp.*,
   No. CV 13-00377, 2014 WL 12589641 (C.D. Cal. Jan. 2, 2014) ................... 18, 20

     DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

## <u>TABLE OF AUTHORITIES (CONTINUED)</u>

**Page(s)**

**Cases**

*Luvdarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) ................................................................. 18

*Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*,
   No. 14-cv-01018, slip. op. (C.D. Cal. June 29, 2017) ............................ 13

*Malibu Textiles Inc. v. Label Lane Int'l, Inc.*,
   No. 14-cv-04054, slip. op. (C.D. Cal. June 29, 2017) ......................... 6, 12

*Mindlab Media LLC v. LWRC Int'l, LLC*,
   No. 11-cv-3405, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) .................. 19

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
   No. 13-cv-03560, 2014 WL 32157 (N.D. Cal. Jan. 6, 2014) .................... 9

*North Star Innovations, Inc. v. Etrop Tech. Am., Inc.*,
   No. 16-cv-00599, 2016 WL 9046909 (C.D. Cal. Sept. 21, 2016) ......... 7, 8

*Novatiz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-06795, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ....... 7, 8, 11

*Perfect 10, Inc. v. Visa Int'l Serv., Assoc.*,
   494 F.3d 788 (9th Cir. 2007) ............................................................. 17, 18

*Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*,
   No. 13-cv-7640, 2014 WL 12605374 (C.D. Cal. May 21, 2014) ........... 20

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..................................................................... 7

*Stabile v. Paul Smith Ltd.*,
   137 F. Supp. 3d 1173 (C.D. Cal. 2015) ....................................... 12, 13, 17

*Star Fabrics, Inc. v. The Wet Seal, Inc.*,
   No. CV 14-07163, 2014 WL 12591271 (C.D. Cal. Dec. 2, 2014) ..............*passim*

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

**Cases**

*Telebrands Corp. v. GMC Ware, Inc.*,
   No. CV 15-03121, 2016 WL 6237914 (C.D. Cal. Apr. 5, 2016) ............................. 9

*TeleSign Corp. v. Twilio, Inc.*,
   No. CV 16-2106, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ............................ 10

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ............................................................. 12, 16

*TVB Holdings USA Inc. v. Enom Inc.*,
   No. SACV 13-624, 2014 WL 12581778 (C.D. Cal. Jan. 6, 2014) ......................... 21

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012) .............................................................. 19

**Statutes**

17 U.S.C. § 412 (1)-(2) ............................................................................ 20

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................. 1, 6, 21

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1   Defendant Nordstrom, Inc. ("Nordstrom") respectfully submits this
2   memorandum in support of its motion to dismiss the First Amended Complaint (Dkt.
3   37) filed by Plaintiff Wongab Corp., in its entirety and with prejudice, pursuant to
4   Fed. R. Civ. P. 12(b)(6).

5   ## PRELIMINARY STATEMENT

6   Plaintiff's complaint, one of numerous complaints filed this year against various
7   clothing designers and apparel retailers, should be dismissed pursuant to Rule 12(b)(6)
8   of the Federal Rules of Civil Procedure for failure to satisfy the plausibility threshold
9   established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
10  (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The complaint—already amended
11  once following a letter from Nordstrom pointing out, in detail, the various pleading
12  deficiencies in the original complaint—remains deficient in numerous respects.

13  As an initial matter, despite suing five defendants by name, in addition to
14  numerous unknown John Doe Defendants, the First Amended Complaint is devoid of
15  any specific allegations against any defendant.  Rather, in blunderbuss fashion,
16  Plaintiff merely alleges that "each of the Defendants was the agent, affiliate, officer,
17  director, manager, principal, alter-ego, and/or employee of the remaining Defendants,"
18  Dkt. 37 at ¶ 11, and that "Defendants, and each of them, created manufactured, caused
19  to [be] manufactured, imported, distributed, and/or sold fabric and/or garments" that
20  are allegedly copyright protected or patented by Plaintiff, *id.* at ¶ 15.  Nordstrom's
21  purported conduct is never alleged in any (greater) detail.  Further, every paragraph
22  thereafter refers, generally, to the plural "Defendants," thus failing to attribute any
23  conduct to any specific Defendant.  It is well established that such non-specific
24  allegations are insufficient to state a plausible claim.

25  Similarly, the allegedly infringing articles are not identified with particularity.
26  Although Plaintiff attaches an exhibit listing and picturing—in varying degrees of
27  clarity—the seven allegedly infringing designs, Plaintiff twice states that these are

28

- 1 -                    DEFENDANT NORDSTROM, INC.'S
                         MOTION TO DISMISS PLAINTIFF'S
                         FIRST AMENDED COMPLAINT

1    merely "representative and are not meant to be inclusive of all product [*sic*] marketed

2    and sold by Defendants, or any of them."  *Id.* at ¶ 16; *see also id.* at ¶ 15.  Absent

3    specific allegations related to identified articles, Plaintiff cannot plead a plausible

4    claim for relief.

5          Plaintiff's patent infringement allegation fails to identify a specific patent claim

6    that is allegedly infringed, and fails to plead factual allegations showing how the

7    accused products meet each and every element of a single patent claim.  Such

8    allegations, commonly referred to as "claim mapping," are a standard requirement for

9    alleging a plausible claim of patent infringement.  Indeed, although Exhibit A to the

10   First Amended Complaint suggests that Plaintiff is accusing six of the seven identified

11   products of patent infringement, the substantive allegations refer only generally to

12   "Defendants' garments," "Defendants' product" (singular), and the singular, never-

13   defined "Disputed Product."  Consequently, Plaintiff's allegation in paragraph 21 is

14   insufficient to plead a plausible claim of direct patent infringement by Nordstrom (or

15   any Defendant).

16         Plaintiff's induced and contributory infringement claims also fail to adequately

17   plead the requisite elements of those claims because there is no allegation that

18   Nordstrom had the intent to encourage any allegedly infringing activity by a third

19   party, nor any allegation of specifically whom and how Nordstrom would have done

20   so.  Plaintiff also provides no factual allegations regarding willful infringement, and

21   never even pleads that Nordstrom had knowledge of the accused patent prior to

22   Plaintiff's lawsuit.

23         Plaintiff's copyright allegations fare no better.  The First Amended Complaint

24   lacks any factual allegations that Defendants—much less Nordstrom—had access to

25   Plaintiff's designs.   Rather, the single, conclusory claim of access contained in

26   paragraph 24 is the same language that courts have previously rejected as insufficient

27   to state a plausible claim.  The First Amended Complaint also fails to plead—beyond

28

- 2 -                    DEFENDANT NORDSTROM, INC.'S
                         MOTION TO DISMISS PLAINTIFF'S
                         FIRST AMENDED COMPLAINT

merely the conclusion itself—that the accused products are strikingly, or even substantially, similar to Plaintiff's designs.  As a result, Plaintiff does not state a claim for direct copyright infringement.  Likewise, the First Amended Complaint contains only impermissible, threadbare legal conclusions to allege the vicarious, contributory, and willful copyright infringement claims and therefore fails to properly plead those claims.

Finally, the First Amended Complaint fails to provide any registration information for the accused products, which is a prerequisite for obtaining statutory damages and attorneys' fees under the Copyright Act.  Indeed, Plaintiff concedes that two of the designs—Subject Designs B and C—are not registered in the U.S. and therefore cannot, as a matter of law, support a claim for statutory damages and fees.

Accordingly, the First Amended Complaint should be dismissed.  Moreover, because Nordstrom already informed Plaintiff of these deficiencies and Plaintiff failed to correct them in its First Amended Complaint, the Court should dismiss the First Amended Complaint with prejudice.

## **BACKGROUND**

On April 19, 2017, Plaintiff filed a complaint against Nordstrom, four other Defendants, and ten unidentified Defendants asserting copyright infringement claims related to seven identified articles of clothing and patent infringement claims related to six of the seven garments.  *See* Dkt. 1.  The complaint is one of several similar complaints filed against other clothing designers and apparel retailers asserting the same patent and various copyright violations.  Nordstrom delivered a letter to Plaintiff detailing numerous deficiencies in the complaint, including a failure to specifically identify the accused products and plead necessary elements of both copyright and patent infringement.  Plaintiff agreed to amend its complaint and thereafter filed its First Amended Complaint ("FAC") on July 28, 2017.  *See* Dkt. 37.

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

The allegations in the FAC do not differentiate between or among any of the Defendants.  The FAC alleges that "each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants," *id.* at ¶ 11, and that "Defendants, and each of them, created manufactured, caused to manufactured, imported, distributed, and/or sold fabric and/or garments" that are allegedly copyright protected or patented by Plaintiff, *id.* at ¶ 15; *see also id.* at ¶¶ 25, 26, 38.  Similar allegations against "Defendants," generally, are made throughout the FAC.

In Exhibit A to the FAC, Plaintiff identifies seven garments and includes photographs, which vary in quality, of those garments.  The FAC alleges that these seven accused products are "representative and are not meant to be inclusive of all product [*sic*] marketed and sold by Defendants, or any of them."  *Id.* at ¶ 16; *see also id.* at ¶ 15.

Defendants are accused of direct, contributory, and induced infringement of U.S. Patent No. 8,448,476 ("the '476 patent") related to six of the seven garments.[1]  The '476 patent allegedly relates to a warp knit fabric having a ground organization expressing various design patterns.  *See* Dkt. 37 at ¶¶ 17, 19.  The FAC alleges that the Defendants, collectively, infringe, contribute to infringement, and induce others to infringe the '476 patent by making, using, importing, offering for sale, and/or selling certain "fabric that infringes the '476 patent."  *Id.* at ¶¶ 20, 22, 38-39.  The FAC contains no claim chart and no mapping of the allegedly infringing claims of the '476 patent.  Instead, the FAC simply states that the "the patented claims read on the Defendants' product," which is followed by an alleged description of "Defendants' garments."  *Id.* at ¶ 21.  Notably, all but one (Item No. 7) of the photographs in the

---

[1] Item No. 6 in Exhibit A to the FAC, an unidentified garment allegedly sold by Nordstrom that Plaintiff claims, without specificity, was "found online," does not appear to be accused of infringing the '476 patent.

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

FAC, which are taken from a distance and with varying levels of lighting and focus, do not show the ground fabric structure of the accused products. *See id.* The FAC also accuses Defendants of willful infringement in a single sentence "by continuing their acts of infringement after being on notice of the patent." *Id.* at ¶ 22.

The FAC also accuses Defendants of infringing one or more of three of Plaintiff's copyrighted designs with respect to all seven accused products.[2] The FAC provides that the first design, "Subject Design A," relates to a warp knit design for ground fabric tied to the design resulting from practicing the '467 patent. As noted above, the photographs contained in Exhibit A to the FAC do not show the ground fabric structure for six of the seven accused products. Although the FAC alleges that Subject Design A is registered with the U.S. Copyright Office, Dkt. 37 at ¶ 12, it does not provide a registration number or attach a copy of a registration certificate for this design. The FAC also does not identify the date the design was registered, the date that the design was first published, or the date that any alleged infringement of Subject Design A commenced.

With respect to the two remaining designs, "Subject Design B" and "Subject Design C," Plaintiff does not allege that they are registered with the U.S. Copyright Office. Instead, Plaintiff asserts that each design is registered "with a nation's copyright registrar or is exempt from the registration requirements" under the Berne Convention. *Id.* at ¶¶ 12-13.

Aside from the limited language in column 1 and the photographs in column 2 of Exhibit A, the FAC contains specific allegations comparing any of Plaintiff's Subject Designs to each of the seven accused products.

_____

[2] Item Nos. 1, 3, 4, 5, and 7 are accused of infringing what the FAC refers to Subject Design A. Item No. 6 is accused of infringing what the FAC refers to as Subject Design B. Item No. 2 is accused of infringing Subject Design A and what the FAC refers to as Subject Design C.

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1       The FAC does not allege that Nordstrom (or any Defendant) directly viewed

2   any of the Subject Designs, but rather suggests various hypothetical ways that

3   Defendants could have accessed the Subject Designs.  *Id.* at ¶ 24.  The FAC does not

4   allege that any of the accused products are strikingly similar to the Subject Designs,

5   and does not provide any facts indicating that Nordstrom (or any Defendant) had

6   knowledge of any allegedly infringing activity or had the right or ability to supervise

7   any such activity.

## ARGUMENT

## I.   LEGAL STANDARD

10       To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

11   contain sufficient factual information "to state a claim to relief that is plausible on its

12   face."  *Twombly*, 550 U.S. at 570.  "Dismissal . . . is proper when a complaint exhibits

13   either 'the lack of a cognizable legal theory or the absence of sufficient facts alleged

14   under a cognizable theory.'"  *Malibu Textiles Inc. v. Label Lane Int'l, Inc.*, No. 14-cv-

15   04054, slip. op. at 1 (C.D. Cal. June 29, 2017) ("*Malibu I*") (quoting *Balistreri v.*

16   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).[3]  A complaint must include

17   "factual content that allows the court to draw the reasonable inference that the

18   defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and must

19   allege "enough facts to state a claim to relief that is plausible on its face" by giving the

20   defendant "fair notice of what the . . . claim is and the grounds upon which it rests,"

21   *Twombly*, 550 U.S. at 570 (internal citation omitted).

22       While allegations of material fact in a complaint are to be taken as true, a court

23   "is not required to accept legal conclusions cast in the form of factual allegations if

24   those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

25   *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  "Nor is a court required to

26

27       [3] A copy of this decision is provided in Exhibit 1 to the Declaration in Support

28   of Defendant Nordstrom, Inc.'s Motion to Dismiss ("Schuettenhelm Decl.").

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1  accept as true allegations that are merely conclusory, unwarranted deductions of fact,

2  or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

3  (9th Cir. 2001).  In short, the "[f]actual allegations must be enough to raise a right to

4  relief above the speculative level on the assumption that all the allegations in the

5  complaint are true." *Twombly*, 550 U.S. at 555.  "[T]hreadbare recitals of the

6  elements of a cause of action, supported by mere conclusory statements," are

7  insufficient.  *Id.* at 545 ("[A] complaint . . . requires more than labels and conclusions,

8  and a formulaic recitation of a cause of action's elements will not do.").  "Where a

9  complaint pleads facts that are 'merely consistent with' a defendant's liability, it

10  'stops short of the line between possibility and plausibility.'" *Iqbal*, 556 U.S. at 678

11  (citing *Twombly*, 550 U.S. at 557).

12  ## II.   PLAINTIFF'S PATENT INFRINGEMENT CLAIM FAILS TO PLEAD A

13  PLAUSIBLE CLAIM FOR RELIEF

14  ### A.  Plaintiff Fails To State a Claim for Direct Patent Infringement

15  To state a claim for direct patent infringement, a complaint must "plausibly

16  allege that the accused product practices each of the limitations found in at least one

17  asserted claim." *North Star Innovations, Inc. v. Etrop Tech. Am., Inc.*, No. 16-cv-

18  00599, 2016 WL 9046909, at *4 (C.D. Cal. Sept. 21, 2016) (internal quotation

19  omitted).  "[A] complaint does not satisfy the standards of *Twombly* and *Iqbal* where

20  it does not at least contain factual allegations that the accused product practices every

21  element of at least one exemplary claim." *Novatiz, Inc. v. inMarket Media, LLC*, No.

22  16-cv-06795, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017).  "This is because

23  the failure to meet a single limitation is sufficient to negate infringement of [a] claim."

24  *North Star*, 2016 WL 9046909, at *4 (internal quotation omitted); *see also Novatiz*,

25  2017 WL 2311407, at *3 ("[I]f a complaint does not contain factual allegations that

26  would permit a court to infer that a required element of the patent claim was satisfied,

27  it is hard to see how infringement would be "probable.").

28

DEFENDANT NORDSTROM, INC.'S
                                          MOTION TO DISMISS PLAINTIFF'S
                                          FIRST AMENDED COMPLAINT

1   The FAC does not identify any specific claim of the '476 patent that Nordstrom
2   (or any Defendant) infringes, let alone explain how even one of the six allegedly
3   infringing products infringes with respect to each element of any single patent claim.
4   In fact, it is unclear which of the six accused products is even being referred to as the
5   undefined "Disputed Product" and "Defendants' product."  Dkt. 37 at ¶ 21. Instead,
6   the FAC baldly proclaims that "the patented claims read on" the collective
7   Defendants' unidentified, single "product." *Id.*

8   The remainder of the single paragraph referencing the patented claims, *see id.*,
9   does not describe how any of the fabric weave maps to any specific claim or any
10  individual elements of a specific claim.  Rather, these allegations simply "parrot the
11  claim language." *Novatiz*, 2017 WL 2311407, at *4 (dismissing claim for direct
12  infringement for failure to adequately map factual allegations of products to claim
13  elements).  Additionally, claim 1 of the '476 patent—the only independent claim—
14  recites a warp knit fabric wherein "each of the unit organizations comprising a
15  specific loop shape of a network structure formed by a chain of a specific chain
16  number group comprising an array of a plurality of chain numbers."  Dkt. 37-2 at 8:4-
17  9.  Plaintiff's description of the undefined and unknown "Disputed Product" says
18  nothing about "a network structure formed by a chain of a specific chain number
19  group comprising an array of a plurality of chain numbers." *See e.Digital Corp. v.*
20  *iBaby Labs, Inc.*, No. 15-cv-05790, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22,
21  2016) (dismissing complaint that failed to map a single claim limitation to the accused
22  products).

23  Consequently, the FAC does not include anything more than "[t]hreadbare
24  recitals of the elements of a cause of action, supported by mere conclusory statements,
25  which do not suffice" to state a plausible claim of patent infringement.  *Id.* (internal
26  quotation omitted); *see also North Star*, 2016 WL 9046909, at *4 (dismissing direct
27  infringement claim for relying solely on conclusory statements of claim element

28

- 8 -                        DEFENDANT NORDSTROM, INC.'S
                             MOTION TO DISMISS PLAINTIFF'S
                             FIRST AMENDED COMPLAINT

1   satisfaction).  Accordingly, the FAC does not state a claim for direct infringement of
2   the '476 patent.

3   **B.  Plaintiff Fails To State a Claim for Contributory or Induced Patent**
4   **Infringement**

5   It is axiomatic that a valid claim for indirect patent infringement (*i.e.*,
6   contributory or induced infringement) cannot exist in the absence of an underlying act
7   of direct infringement.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys.*
8   *Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012); *see also Dynacore Holdings*
9   *Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect
10  infringement, whether inducement to infringe or contributory infringement, can only
11  arise in the presence of direct infringement.").  Because the FAC fails to state a claim
12  for direct patent infringement, *see supra* Section II.A., Plaintiff's contributory and
13  induced infringement allegations also fail as a matter of law, *see, e.g.*, *e.Digital*, 2016
14  WL 4427209, at *5 (dismissing claims for indirect infringement due to dismissal of
15  direct infringement claim).

16  Regardless, Plaintiff's claims for indirect patent infringement also fail due to
17  the insufficiency of the allegations in the FAC.  In order to state a valid claim for
18  contributory infringement, Plaintiff must plead facts that allow the Court to infer that
19  the six accused products have no substantial, non-infringing uses.  *See Telebrands*
20  *Corp. v. GMC Ware, Inc.*, No. CV 15-03121, 2016 WL 6237914, at *7 (C.D. Cal.
21  Apr. 5, 2016).  Likewise, in order to sufficiently plead a valid claim for induced
22  infringement, Plaintiff must allege both direct infringement by a third party, and that a
23  Defendant "knowingly induced infringement and possessed specific intent to
24  encourage another's infringement."  *Id.* (internal quotation omitted).  "Mere
25  knowledge is not sufficient; <u>intent to induce is the criterion</u>."  *MyMedicalRecords, Inc.*
26  *v. Jardogs, LLC*, No. 13-cv-03560, 2014 WL 32157, at *4 (N.D. Cal. Jan. 6, 2014)
27  (emphasis added).

28

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

The FAC contains no allegations that would plausibly permit any inference of contributory or induced infringement.  First, as noted above, the FAC is devoid of any reference to any substantial, non-infringing uses.  Thus, the FAC cannot state a claim for contributory patent infringement.   Second, the FAC fails to allege any facts showing that Nordstrom (or any Defendant) specifically intended to encourage infringement by third parties or knew that any acts committed by third parties constituted infringement.  Indeed, the FAC says nothing whatsoever regarding any of the Defendants' intent, which includes a failure to allege that Nordstrom had the requisite specific intent to encourage infringement.

Accordingly, Plaintiff's indirect infringement allegations, whether based on contributory or induced infringement, are deficient and must be dismissed.

### C.  Plaintiff Fails To State a Claim for Willful Patent Infringement or Enhanced Patent Damages

As a threshold matter, Plaintiff's failure to plead a valid claim for direct infringement "dooms [its] . . . willful infringement claims as well."  *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106, 2016 WL 4703873, at *4 (C.D. Cal. Aug. 3, 2016).

Regardless, Plaintiff fails to plead the requisite knowledge of the '476 patent by Nordstrom.  "California federal courts have taken the view that a plaintiff <u>must plead presuit knowledge</u> [of a patent] in order to adequately plead willful infringement." *Deckers Outdoor Corp. v. J.C. Penney Co. Inc*., 45 F. Supp. 3d 1181, 1187 (C.D. Cal. 2014) (emphasis added); *see also Finjan, Inc. v. Cisco Sys. Inc*., No. 17-cv-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing complaint that failed to allege pre-suit knowledge of the asserted patents).

Here, the Complaint contains no allegation that Nordstrom (or any Defendant) was aware of the '476 patent prior to the filing of this lawsuit.

Further, the Supreme Court has instructed that enhanced damages under 35 U.S.C. § 284 "should generally be reserved for egregious cases typified by willful

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1  misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).

2  However, the FAC contains "no specific factual allegations about [Nordstrom's]

3  subjective intent, or any other aspects of [Nordstrom's] behavior that would suggest

4  its behavior was 'egregious.'" *Finjan*, 2017 WL 2462423, at *5.

5        Instead, the FAC states only that "Defendants have willfully infringed the '476

6  patents [*sic*] by continuing their acts of infringement."  Dkt. 37 at ¶ 22.  This

7  conclusory allegation fails to sufficiently plead either the intent or behavior necessary

8  to state a claim for willful infringement.  *See, e.g.*, *Finjan*, 2017 WL 2462423, at *5

9  (dismissing virtually identical allegations); *Novatiz*, 2017 WL 2311407, at *5

10  (dismissing willful infringement allegations because complaint contained "no factual

11  allegations regarding [the defendant's] knowledge or intent to infringe").

12        Thus, Plaintiff's claim for willful infringement and enhanced patent damages

13  should be dismissed.

14  **III.  PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS FAIL TO**

15        **STATE A CLAIM**

16      **A.  Plaintiff Fails To State a Claim for Direct Copyright Infringement**

17        A valid claim of direct copyright infringement requires pleading "(1) ownership

18  of a valid copyright, and (2) copying of constituent elements of the work that are

19  original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991);

20  *see also Star Fabrics, Inc. v. The Wet Seal, Inc*., No. CV 14-07163, 2014 WL

21  12591271, at *3 (C.D. Cal. Dec. 2, 2014).  In order to satisfy the second prong in this

22  case, the FAC must plead facts demonstrating that Nordstrom "actually viewed" the

23  Subject Designs, *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165 (N.D. Cal. 2014), or

24  that circumstantial evidence establishes that (1) Nordstrom had access to the Subject

25  Designs and (2) the accused Nordstrom products are "substantially similar" to the

26  Subject Designs, *Star Fabrics*, 2014 WL 12591271, at *3.  Alternatively, Plaintiff

27  must plead facts demonstrating that the parties' works are so "strikingly similar" that

28

        DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

"no explanation other than copying is plausible." *Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1186 (C.D. Cal. 2015); *see also Star Fabrics*, 2014 WL 12591271 at *6.

The FAC fails make any such allegations, and the copyright infringement counts therefore should be dismissed.

### 1.     Plaintiff Does Not Adequately Plead Access to the Subject Designs

The FAC does not appear to contain any allegations concerning direct evidence of copying, and therefore must rely upon allegations of (1) access and (2) substantial similarity between the parties' designs.  In order to allege access, Plaintiff "must demonstrate a reasonable possibility, not merely a bare possibility," that Nordstrom had the chance to view each of the Subject Designs.  *Art Attacks Ink, LLC v. MGA Entm't Inc*., 581 F.3d 1138, 1143 (9th Cir. 2009); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) ("Access may not be inferred through mere speculation or conjecture.").  Such allegations requiring pleading facts either "(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Art Attacks*, 581 F.3d at 1143.  Here, the FAC does neither.

The FAC alleges, in non-specific fashion, that "Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors . . .; (c) access to  legitimate WONGAB fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples."  Dkt. 37 at ¶ 24. Nearly identical allegations have been rejected by this Court as wholly inadequate because they provide "nothing more than a speculative list of guesses," *Malibu I*, slip op. at 3, or "a speculative list of potential ways [a defendant] could have theoretically accessed [the plaintiff's] design," *Star Fabrics*, 2014 WL 12591271 at *4; *see also*

1  *Malibu Textiles Inc. v. H&M Hennes & Mauritz LP*, No. 14-cv-01018, slip. op. at 3

2  (C.D. Cal., June 29, 2017) (same).[4]

3  　　　Such allegations lack "any concrete facts linking" any Defendant—much less

4  Nordstrom—to the Subject Designs, and cannot plausibly plead access by a chain of

5  events as a matter of law. *Star Fabrics*, 2014 WL 12591271 at *4. Likewise, the

6  FAC contains no allegation, conclusory or otherwise, suggesting access through

7  "widespread dissemination" of the Subject Designs, and therefore fails to adequately

8  allege access through such dissemination. *Id.*

9  　　　**2.　　Plaintiff Does Not Adequately Plead Substantial Similarity**

10  　　　In the absence of facts demonstrating access, "the court need not reach the

11  question of substantial similarity." *Stabile*, 137 F. Supp. 3d at 1188; *Briggs*, 70 F.

12  Supp. 3d at 1165 (plaintiff must demonstrate both access and substantial similarity).

13  Even assuming Plaintiff had properly alleged access, the FAC still should be

14  dismissed for failing to adequately allege that any of the seven identified accused

15  products are "substantially similar" to any of the three Subject Designs.

16  　　　While the substantial similarity inquiry involves both an extrinsic test and an

17  intrinsic test, only the extrinsic test is considered on a motion to dismiss. *See Funky*

18  *Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

19  The extrinsic test requires an objective comparison of the specific expressive elements

20  of the two works, focusing on the "articulable similarities" between the works.

21  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). "In applying the

22  extrinsic test, it is the plaintiff's burden to identify the sources of the alleged similarity

23  between the plaintiff's work and the allegedly infringing work." *Astor-White v.*

24  *Strong*, No. CV 15-6326, 2016 WL 1254221, at *3 (C.D. Cal. Mar. 28, 2016).

25  Importantly, when applying the extrinsic test, "a court must first distinguish between

26

27  　　　[4] A copy of this decision is provided in Exhibit 2 to the Schuettenhelm Decl.

28

- 13 -　　　DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1    the work's protectable and unprotectable elements" and consider only whether the

2    protectable elements are substantially similar.  *Star Fabrics*, 2014 WL 12591271 at

3    *4.

4            Here, the FAC fails to demonstrate that any accused product is substantially

5    similar to any of the Subject Designs.  With respect to Subject Design A, parsing

6    Exhibit A—something Plaintiff made no attempt to do—reveals that Plaintiff accuses

7    six of the seven accused products of infringing the "ground fabric" design.  Dkt. 37,

8    Ex. A at Item Nos. 1-5, 7.  However, the FAC provides no allegations explaining the

9    protectable elements of the ground fabric design or comparing those elements to any

10   of the accused products.  Instead, it offers only impermissible, conclusory assertions.

11   *See id.* at ¶ 26; *see also Clegg*, 18 F.3d at 754-55 ("legal conclusions cast in the form

12   of factual allegations" are entitled to no weight).  Specifically, the FAC relies entirely

13   on the photographs contained in Exhibit A to the FAC, which do not depict the ground

14   fabric design.  As such, these photographs do not permit an "objective comparison of

15   specific expressive elements" or "articulable similarities" as required under the

16   extrinsic test.  *Cavalier*, 297 F.3d at 822.  Thus, the FAC fails to provide any facts

17   demonstrating that the accused products have a warp-knit ground fabric that even

18   resembles Subject Design A, much less is "substantially similar" to any protectable

19   element of Subject Design A.

20           The same result follows for Subject Designs B and C, which are respectively

21   asserted against the products listed as Item Nos. 6 and 2 in Exhibit A to the FAC.

22   Again, the FAC contains no allegations explaining the protectable elements of either

23   Subject Design B or C, and does not compare those unidentified elements to the two

24   relevant products.  The FAC does not even specifically reference Subject Design B or

25   C within the allegations provided under the First Claim for Relief—it appears that the

26   conclusory allegations contained in paragraph 16 of the FAC relate to "the two

27   designs" referred to as Subject Design B and C.  *Id.* at ¶ 16.  Yet, that paragraph

28

                              - 14 -        DEFENDANT NORDSTROM, INC.'S
                                            MOTION TO DISMISS PLAINTIFF'S
                                            FIRST AMENDED COMPLAINT

1   refers—generally and collectively—to the "constituent elements" of those two
2   different designs as containing substantially similar "elements, composition, colors,
3   selection, arrangement, layout, and appearance" as the photographs of Item Nos. 2 and
4   6.  That conclusory allegation fails to identify what specific elements, if any, are
5   protectable in Subject Designs B and C, or how those specific elements are
6   substantially similar to either of the two accused products.

7         Moreover, the grainy image of Subject Design B reflects leaf or vine structures,
8   while the image of Subject Design C is indiscernible, although presumably is intended
9   to, based solely on the image provided of Item No. 2, indicate a floral pattern.  While
10  certain arrangements incorporating flowers and leaves may contain protectable
11  elements, a "floral pattern depicting bouquets and branches is not protectable [sic]."
12  *Label Lane*, Slip. Op. at 3 (citation omitted).  Regardless, there is no substantially
13  similar relationship between Subject Design B and Item No. 6 or between Subject
14  Design C and Item No. 2.

15        For example, the spatial and color arrangement of the design differs between
16  Subject Design C and Product 2.  The "flowers" in Subject Design C have white
17  petals with multi-colored centers, whereas the flowers in Item No. 2 have uniformly
18  blue petals with yellow centers.  In addition, the leaves of the blue petals clearly
19  indent to define individual petals and the yellow centers visibly radiate from the center
20  into the petals, while there is no comparable aspect in Subject Design C.  Also unlike
21  Subject Design C, which has a dark background, the design of Item No. 2 has a white
22  background.  The spatial arrangements between the larger and smaller flowers also
23  differs.

24        A comparison of Subject Design B and Item No. 6 also show clear differences.
25  First, the color scheme of the two designs is starkly different.  Second, there is no
26  similarity between the design, angle, type, and number of curling sprigs and leaves.
27  *See Klauber Bros. Inc. v. The Bon-Ton Stores, Inc*., 557 Fed. App'x 77, 80 (2d Cir.
28

- 15 -                    DEFENDANT NORDSTROM, INC.'S
                          MOTION TO DISMISS PLAINTIFF'S
                          FIRST AMENDED COMPLAINT

2014) (non-precedential) (finding accused products were not substantially similar despite employing "similar elements," including "curling sprigs, leaves, and flowers . . . in a similar spatial arrangement").  Third, while Subject Design B contains an interconnected vine structure with a segmented or membrane-like background, Item No. 6 contains disjointed, distinct leaves, some of which are solid blue and others that are formed by an outline of blue on the uniform, unsegmented white background.  In addition, the border and fill of the oblong structures are distinct.  In Subject Design B, the border of the oblong structure is formed by closely placed, sometimes connecting rough circles with a fill created by cross-hatching thin lines to form diamond shapes. Oppositely, Item No. 6 contains a border of uniformly placed dots with a fill of differently sized circles with interspersed material of different thickness.  Fourth, in Subject Design B the vine and oblong structures are connected, while the leave and oblong structures in Item No. 6 are separated.

As a result, even if the Court were to find that Plaintiff adequately alleged access, the FAC still fails to plead facts sufficient to demonstrate that that accused products are substantially similar to the Subject Designs.

### 3.   Plaintiff Does Not Plead That The Accused Products Are Strikingly Similar To The Subject Designs

In the absence of facts establishing access to and substantial similarity of design, a plaintiff must show that that accused products are "strikingly similar" to the subject designs.  *Three Boys Music*, 212 F.3d at 485; *Star Fabrics*, 2014 WL 12591271 at *4.  "To show a striking similarity between works, a plaintiff must produce evidence that the accused work <u>could not possibly</u> have been the result of independent creation."  *Briggs*, 70 F. Supp. 3d at 1167 (citation omitted); *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) (striking similarity only applies "where the works are so unmistakably similar" as to preclude "'coincidence, independent creation, or prior common source'") (citation

DEFENDANT NORDSTROM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    omitted).  This "is a high bar," *Briggs*, 70 F. Supp. 3d at 1167, and "[t]he mere

2    existence of multiple similarities is insufficient to meet the test."  *Stabile*, 137 F.

3    Supp. 3d at 1189.

4        Given the numerous distinctions identified above, even if the Court were to find

5    that the accused products were substantially similar to the subject designs, Plaintiff

6    cannot meet the "high bar" for pleading striking similarity.  This is even more true in

7    this case, where the potential for independent creation is "particularly acute in light of

8    the prevalence of floral patterns in the public domain."  *Star Fabrics*, 2014 WL

9    12591271 at *6.

10       Accordingly, because Plaintiff cannot show that the accused products are

11   strikingly similar to the Subject Designs, the direct copyright claims should be

12   dismissed.

13   **B.    Plaintiff Fails To State a Claim for Contributory or Vicarious**

14   **Copyright Infringement**

15       As an initial matter, in order to state a claim for contributory and vicarious

16   infringement, "Plaintiff must first establish direct infringement by third parties

17   because secondary liability cannot exist in the absence of direct infringement by a

18   third party."  *BWP Media USA, Inc. v. Linkbucks.com, LLC*, CV 14-689, 2014 WL

19   12596429, at *2 (C.D. Cal. Aug. 8, 2014).  For the reasons stated above, the FAC

20   does not plead a plausible claim of direct copyright infringement.  On that basis alone,

21   the contributory and vicarious copyright infringement allegations fail as a matter of

22   law.  *See Stabile*, 137 F. Supp. 3d at 1191 ("Because there is no direct infringement

23   here, there can be no vicarious or contributory copyright infringement.").

24       Beyond the failure to plead direct copyright infringement, the FAC still fails to

25   allege the required knowledge of another's direct infringement or that Nordstrom

26   induced, caused, or materially contributed to that infringing conduct as is necessary to

27   allege contributory infringement.  *See Perfect 10, Inc. v. Visa Int'l Serv., Assoc.*, 494

28

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

F.3d 788, 795-96 (9th Cir. 2007).   Plaintiff only states in cursory fashion that "Defendants" had "knowledge of all the facts and circumstances" of the alleged infringement, and "knowledge of each and every violation of Plaintiff's rights."  Dkt. 37 at ¶ 11.  Those allegations do not plead <u>facts</u> demonstrating that Nordstrom had actual knowledge of specific acts of infringement.  *See Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013).

Similarly, Plaintiff conclusory claims that "Defendants" "knowingly induced, participated in, aided and abetted in and profited from" the reproduction and sale of the accused products.   Dkt. 37 at ¶ 32.   That claim is nothing more than the impermissible "formulaic recitation of [the] cause of action's elements."  *Twombly*, 550 U.S. at 545; *see also BWP Media*, 2014 WL 12596429, at *4 (dismissing secondary infringement allegations for failure to "plead facts which would satisfy the elements of a claim"); *Lickerish Inc. v. Alpha Media Grp.*, No. CV 13-00377, 2014 WL 12589641, at *4 (C.D. Cal. Jan. 2, 2014) ("Lickerish's conclusory allegations of knowledge, and inducement, without more, are insufficient to state a claim for contributory infringement.").

Likewise, the FAC fails to establish vicarious infringement.  "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10*, 494 F.3d at 802.  The FAC alleges only that "each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants," acted "within the scope" of those alleged relationships, and had the "right and ability to supervise the infringing conduct because they had a financial interest in the infringing conduct." Dkt. 37 at ¶¶ 11, 33.  The FAC provides no factual basis for these legal conclusions, which are thus insufficient as a matter of law. *See Imageline, Inc. v. Cafepress.com, Inc.*, No. CV 10-9794, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011) (dismissing

- 18 -

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

nearly identical allegations); *Mindlab Media LLC v. LWRC Int'l, LLC*, No. 11-cv-3405, 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012) (same).

For at least these reasons, Plaintiff's allegations regarding contributory and vicarious copyright infringement should be dismissed.

### C. Plaintiff Fails To State a Claim for Willful Copyright Infringement

For the same reasons discussed above, Plaintiff's failure to adequately plead direct and secondary copyright infringement negates its willful copyright infringement allegations. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) (noting that willfulness is predicated on infringing activity). Even so, the FAC still fails to plausibly plead the requisite elements for willful copyright infringement, which requires Plaintiff to plead facts showing "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Id*.

Here, the FAC contains no facts supporting either element of willful infringement. At most, Plaintiff cursorily alleges that "Defendants" had "knowledge of all the facts and circumstances" of the alleged infringement, and had "knowledge of each and every violation of Plaintiff's rights." Dkt. 37 at ¶ 11. Plaintiff also asserts that the alleged infringement of its designs was "willful, reckless, and/or in blatant disregard" of its rights. *Id*. at ¶ 30. Each of these three allegations amounts to nothing more than a legal conclusion, which are neither sufficient under *Iqbal* and *Twombly*, nor capable of satisfying the heightened standard of knowledge or reckless disregard that applies to willful copyright infringement. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1055 (C.D. Cal. 2011).

Accordingly, Plaintiff's allegations of willful copyright infringement, together with is claim for additional, enhanced, or elevated copyright damages, should be dismissed.

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

## IV.   PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES AND ATTORNEYS' FEES SHOULD BE DISMISSED

Regardless of the Court's decision with respect to the inadequacy of Plaintiff's copyright infringement allegations, Plaintiff's claim for statutory damages and attorneys' fees under the Copyright Act fail as a matter of law.

First, the FAC does not contain any factual allegations necessary to state a claim for statutory damages or attorney's fees under the Copyright Act with respect to any of the Subject Designs.  Statutory damages and attorney's fees are barred if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (1)-(2).  "This strong statutory bar 'leaves no room for discretion.'" *Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*, No. 13-cv-7640, 2014 WL 12605374, at *3 (C.D. Cal. May 21, 2014) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 698 (9th Cir. 2008)).

In order to state a valid claim for statutory damages and attorneys' fees, a complaint must provide an "identification of three events as a prerequisite to statutory damages and attorneys' fees: the date infringement commenced, the date of registration, and the date of first publication." *Lickerish*, 2014 WL 12589641, at *5; *Por Los Rios*, 2014 WL 12605374, at *3.  Here, the FAC fails to allege any of these three required elements, and therefore Plaintiff is not entitled to recover statutory damages or attorneys' fees.

Second, with respect to Subject Design B and C, the FAC acknowledges that neither design is registered in the U.S.[5]  *See* Dkt 37 at ¶ 13.  "Although registration is

---

[5] Plaintiff alleges that it has "registered each of the Subject Designs <u>with a nations' copyright registrar</u> or is exempt from registration requirements because . . .

                                    DEFENDANT NORDSTROM, INC.'S
                                    MOTION TO DISMISS PLAINTIFF'S
                                    FIRST AMENDED COMPLAINT

1   not a prerequisite to bringing suit over a copyrighted work originating outside the

2   United States, it is a prerequisite to seeking statutory damages or attorney fees

3   regardless of where the work originates." *Intercom Ventures, LLC v. City Media Plus*

4   *Ex-Yu Streaming*, No. 12 C 10275, 2013 WL 4011052, at *5 (N.D. Ill. Aug. 6, 2013);

5   *TVB*, 2014 WL 12581778, at *4 ("[F]oreign works must still be registered under

6   Section 412 in order to obtain statutory damages.").

7        Accordingly, Plaintiff's claim for statutory damages and attorneys' fees under

8   the Copyright Act, including enhanced damages, is deficient as to all the Subject

9   Designs and must be dismissed.

10                              **CONCLUSION**

11       For the forgoing reasons, Nordstrom respectfully requests that the Court dismiss

12   Plaintiff's First Amended Complaint in its entirety and with prejudice for failure to

13   state a claim under Fed. R. Civ. P. 12(b)(6).

14

15   Dated: August 18, 2017            Respectfully submitted,

16                                     */s/ Douglas F. Stewart*

17                                     Douglas F. Stewart (*pro hac vice*)
                                       doug.stewart@bracewell.com

18                                     Jared Schuettenhelm (SBN 267885)
                                       jared.schuettenhelm@bracewell.com

19                                     Bracewell LLP

20   _____

21   said nation has acceded to the Berne Convention."  Dkt. 37 at ¶¶ 12, 13 (emphasis

22   added).  Plaintiff's allusion to "a nations' copyright registrar," even if taken as true, is

23   insufficient to establish that Subject Designs B and C are registered with the U.S.
     Copyright Office.  *TVB Holdings USA Inc., v. Enom Inc.*, No. SACV 13-624, 2014

24   WL 12581778, at *4 (C.D. Cal. Jan. 6, 2014).  Plaintiff's allegations regarding Berne

25   Convention exemptions are unavailing because "[t]he Berne Convention . . . does not
     supersede the requirement that even foreign works be registered in order to be eligible

26   for statutory damages and attorneys' fees."  *Dos Santos v. Telemundo Commc'ns*

27   *Grp., LLC*, No. SACV 12-1373, 2012 WL 9503003, at *7 n.6 (C.D. Cal. Dec. 19,
     2012);  *see also TVB*, 2014 WL 12581778, at *4.

28

                        - 21 -          DEFENDANT NORDSTROM, INC.'S
                                        MOTION TO DISMISS PLAINTIFF'S
                                        FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

701 Fifth Avenue, Suite 6200
Seattle, Washington 98104-7018
(206) 204-6200 (t)
(800) 404-3970 (f)

David J. Ball (*pro hac vice*)
david.ball@bracewell.com
Bracewell LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6100 (t)
(800) 404-3970 (f)

Martin Pitha (SBN 192447)
mpitha@lp-lawyers.com
Lillis Pitha LLP
2 Park Plaza, Suite 480
Irvine, California 92614
(949) 209-9020 (t)
(949) 759-1845 (f)

*Attorneys for Defendant Nordstrom, Inc.*

DEFENDANT NORDSTROM, INC.'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

1

<u>CERTIFICATE OF SERVICE</u>

2

3

I hereby certify that on August 18, 2017, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system, which constitutes service on all counsel of record to this action.

4

5

6

7

Dated: August 18, 2017

8

*/s/ Douglas F. Stewart*

9

Douglas F. Stewart

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28