# Exhibit 1

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU TEXTILES INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> LABEL LANE INTERNATIONAL, INC., a California corporation; et al., <br><br> Defendants. | CASE NO. CV 14-4054-R <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

    Before the Court is Defendants Label Lane International, Inc. and Entry, Inc.'s Motion to Dismiss (Dkt. No. 37) which was filed on March 17, 2017. Having been fully briefed, this Court took the matter under submission on April 26, 2017.

    Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of

what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. Courts will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

This matter is before the Court after being remanded from the Ninth Circuit with instructions to allow Plaintiff to amend its complaint. Previously, this Court granted a motion to dismiss the First Amended Complaint ("FAC"). (Dkt. No. 21). The Ninth Circuit held that the dismissal was appropriate, but that the Plaintiff should be given the opportunity to amend. Plaintiff was given the opportunity to amend and now Defendant comes before the Court to dismiss Second Amended Complaint ("SAC"). The SAC states the same cause of action as the FAC, copyright infringement.

To state a claim for copyright infringement, a Plaintiff must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A plaintiff may establish copying by direct evidence or circumstantial evidence "(1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). If a complaint fails to allege access, its copyright claim may be saved if it alleges a striking similarity between the two works. See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000). Here, Plaintiff failed to plead access and striking similarity. For the reasons discussed below, the Motion is granted.

"Proof of access requires an opportunity to view or to copy [the] plaintiff's work." *Id.* at 482 (internal quotation and citation omitted). A plaintiff must demonstrate "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). There are two ways to allege access: "(1) establishing a chain of events linking the plaintiff's work

1  and the defendant's access or (2) showing that the plaintiff's work has been widely disseminated."
2  *Id.*
3       The SAC and FAC contain virtually identical allegations regarding access. The SAC
4  alleges that Defendants had access to the Subject Work via Plaintiff's showroom, illegally
5  distributed copies of the Subject Work by third parties, access to Plaintiff's samples, and access to
6  garments legally in the marketplace containing the Subject Work. (SAC ¶ 21). These allegations
7  are not materially different than those previously dismissed by this Court and upheld by the Ninth
8  Circuit. Such conclusory allegations are nothing more than a speculative list of guesses as to how
9  Defendants may have accessed the Subject Work. In fact, these are the same allegations rejected
10 by the court in *Star Fabrics, Inc. v. Wet Seal, Inc.*, due to their lack of "any concrete facts
11 specifically linking the [Defendant] to the protected design." 2014 WL 12591271, at *4 (C.D.
12 Cal. Dec. 2, 2014). Similarly, Plaintiff fails to allege widespread dissemination in the SAC.
13 There are no allegations relating to distribution in the SAC. Accordingly, Plaintiff's SAC fails to
14 allege a plausible claim of access.
15      The test for substantial similarity entails an extrinsic and intrinsic test. On a motion to
16 dismiss, however, courts only consider the extrinsic test. See *Funky Films*, *Inc. v. Time Warner*
17 *Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). "The extrinsic test is an objective
18 comparison of specific expressive elements; it focuses on the articulable similarities between the
19 two works." *L.A. Printex Indus., Inc.*, 676 F.3d at 848 (internal quotations and citation omitted).
20 When applying the extrinsic test, courts must distinguish between protectable and non-protectable
21 elements of the protected work and consider only whether the protectable elements are
22 substantially or strikingly similar. *Id.*
23      Here, the protectable elements of the Subject Work include the arrangement, selection,
24 coordination of the Bengal Clockvine flower featured in the lace design. However, the "floral
25 pattern depicting bouquets and branches is not protectible [sic]" nor is the "combination of open
26 flowers and closed buds in a single bouquet or the green color of stems and leaves." *Id.* at 850.
27 The Subject Work contains both protectable and non-protectable elements. The majority of the
28 similarity between the Subject Work and the allegedly infringing work come from non-protectable

3

elements. For example, Plaintiff alleges that the five-petaled flower in both works contains the same indentations and pattern of indentations on each of its petals. The flower and its petals are non-protectable because they are merely the natural appearance of a Bengal Clockvine flower. Bengal Clockvine flowers contain five petals with indentations at the tips of each petal in its natural form. The non-protectable five-petal flowers make up the majority of the similarities between the two works. Plaintiff does point to additional similarities, but like the Bengal Clockvine, most are non-protectable. Furthermore, there are objective differences between the two works. For example, the two pictures examined in Paragraph 18 of the SAC reveal marked differences. Defendant's design contains a large, two-petaled flower in the middle of the left side where there is nothing in the corresponding Subject Work. On the bottom of the same pictures, Defendant's design has no flower in the middle of the photo while the Subject Work contains a three-petaled flower. Accordingly, the Court finds that the two works do not contain strikingly similar protectable elements. As such, the SAC has failed to allege copying.

Because the SAC fails to plead access and striking similarity, it has not stated a legally cognizable claim for copyright infringement. Accordingly, dismissal is appropriate under Rule 12(b)(6).

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 37) is GRANTED.

Dated: June 29, 2017.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4