Scott P. Shaw, Bar No. 223592
sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Maggy London International, Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>NORDSTROM, INC. a Washington corporation, individually and doing business as "Nordstrom Rack"; MAGGY LONDONG INTERNATIONAL, LTD. a New York Corporation, individually and doing business as "IVY + BLUE"; HALOGEN, a business entity of form unknown; JONATHAN SIMKHAI, INC., a New York Corporation; LABEL BY 512, a business entity of form unknown; and DOES 1-10,<br><br>　　　　Defendants. | Case No.  2:17-CV-02974-AB-AGR<br><br>**ANSWER OF MAGGY LONDON INTERNATIONAL, LTD. TO SECOND AMENDED COMPLAINT**<br><br><br><br><br><br><br><br><br><br>Complaint Filed:   April 19, 2017<br>Trial Date:           None Set |

Defendant Maggy London International, Ltd.. ("Defendant") hereby answers Plaintiff's unverified Second Amended Complaint. In response to all paragraphs of Plaintiff's Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's allegations as follows:

## ANSWER TO INTRODUCTION

In response to the allegations in the introduction, Defendant denies the allegations of infringement. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges claims relating to copyright and patent.

2. In response to paragraph 2 of the Complaint, Defendant admits that this Court has federal question jurisdiction.

3. In response to paragraph 3 of the Complaint, Defendant denies the allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4. In response to paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. In response to paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. In response to paragraph 6 of the Complaint, denies the allegations.

7. In response to paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8. In response to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. In response to paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations.

## ANSWER TO ALLEGATIONS REGARDING
## CLAIMS RELATED TO DESIGN PCM-2299, D69, D153

11. In response to paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. In response to paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. In response to paragraph 13 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. In response to paragraph 14 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16. In response to paragraph 16 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## ANSWER TO ALLEGATIONS REGARDING
## CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

17. In response to paragraph 17 of the Complaint, Defendant states that the patent identified in the Complaint in all respects speaks for itself, and therefore the allegations require no response.

18. In response to paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.



19. In response to paragraph 19 of the Complaint, Defendant states that the patent identified in the Complaint in all respects speaks for itself, and therefore the allegations require no response.

20. In response to paragraph 20 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. In response to paragraph 21 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. In response to paragraph 22 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

23. In response to paragraph 23 of the Complaint, Defendant incorporates the responses in the preceding paragraphs of this Answer to the same extent paragraph 23 of the Complaint incorporates the allegations contained in the preceding paragraphs in the Complaint.

24. In response to paragraph 24 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25. In response to paragraph 25 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. In response to paragraph 26 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. In response to paragraph 27 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. In response to paragraph 28 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. In response to paragraph 29 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## ANSWER TO SECOND CLAIM FOR RELIEF

### (For Patent Infringement)

31. In response to paragraph 31 of the Complaint, Defendant incorporates the responses in the preceding paragraphs of this Answer to the same extent paragraph 31 of the Complaint incorporates the allegations contained in the preceding paragraphs in the Complaint.

32. In response to paragraph 32 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. In response to paragraph 33 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. In response to paragraph 34 of the Complaint, Defendant denies the allegations against it. As to the allegations against other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## ANSWER TO PRAYER

Defendant denies that Plaintiff is entitled to the relief sought in the Prayer for Relief and its various subparts.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery into the facts of the matter warrant, Defendant hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. On information and belief, the Complaint, and each and every claim for relief therein, is barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity of Copyright)

3. The claims for copyright infringement are barred on the grounds that the copyright is invalid, including because the purported copyright is for a useful object.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. On information and belief, Plaintiff's claims are barred by the doctrine of unclean hands, including on the grounds that Plaintiff intentionally injected its designs into markets where it allowed them to be copied for the purpose of bringing lawsuits.

## FIFTH AFFIRMATIVE DEFENSE

### (Release, Waiver, and Estoppel)

5. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

6. Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringements, upon information and belief, based in part upon Plaintiff's conduct of waiting before filing its claim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7. Plaintiff's claims are barred by its failure to mitigate damages, including as a result of its alleged injection of its works into markets where it allowed them to be copied for the purpose of bringing lawsuits. Consequently, any damages awarded to Plaintiff should be barred or reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Registration)

8. Plaintiff's claims for statutory damages and attorney's fees under the Copyright Act are barred on the grounds that Plaintiff failed to register the works in the United States.

## NINTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

9. On information and belief, Plaintiff's claims are barred because of its anti-competitive intent and conduct, its misuse of its purported copyrights and its abuse of the judicial process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support. On information and belief, Defendant alleges that, among other things, Plaintiff intentionally injected its design into the market under

circumstances that it knew would lead to copying, took no precautions to protect against copying, allowed them to be copied, and then sought out similar designs for the express purpose of filing lawsuits. By filing copyright lawsuits and demanding disgorgement of profits from each entity in the distribution chain, Plaintiff seeks to use the Copyright law to obtain windfalls far greater than Plaintiff could have obtained had it properly exploited its copyrights.

## TENTH AFFIRMATIVE DEFENSE
### (*Scene a Faire* and/or Merger)

10. Defendant asserts that Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted design is ordinary, commonplace, or standard in the relevant art or industry.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Profits Limited by Apportionment)

11. To the extent Defendant earned any profits that are attributable to the alleged infringement of Plaintiff's rights (which Defendant denies), those profits are attributable to factors other than the infringement.

## TWELFTH AFFIRMATIVE DEFENSE
### (Independent Creation)

12. On information and belief, the work that is alleged to infringe Plaintiff's copyright was independently created.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Invalidity of Patent)

13. On information and belief, Plaintiff's claim for patent infringement is barred on the grounds that the patent is not valid.

/ / /

/ / /

Defendant reserves the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint in this matter and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit in this matter, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: November 3, 2017

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks


By: */s/ Samuel G. Brooks*
     Samuel G. Brooks

Attorneys for Defendant Maggy London International, Ltd.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues so triable.

Dated: November 3, 2017

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks


By: */s/ Samuel G. Brooks*
     Samuel G. Brooks

Attorneys for Defendant Maggy London International, Ltd.